# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 19-CR-3024-LTS-KEM-3 |
| vs. | **REPORT AND RECOMMENDATION** |
| JAMI LYNN STUPKA, | |
| Defendant. | |

The grand jury charged Defendant Jami Lynn Stupka by indictment with possession of a firearm by a prohibited person based on her possession of a firearm "while being [an] unlawful user[] of a controlled substance" (methamphetamine), in violation of 18 U.S.C. § 922(g)(3). Doc. 1. Stupka challenges the constitutionality of this statute on its face and as applied to her, arguing that it is void for vagueness. Doc. 40. Both Stupka and the Government agree that any as-applied challenge should not be ruled upon without a full trial on the merits. Doc. 40 at 10; Doc. 55 at 6; *see also United States v. Turner*, 842 F.3d 602, 606 (8th Cir. 2016) (holding that the district court erred in ruling on the defendant's pretrial motion raising the same as-applied challenge as Stupka here, rather than "defer[ring] a ruling until trial"). I recommend that the district court **deny** Stupka's motion to dismiss **in part** and **defer ruling in part**. Doc. 40.

## I. DISCUSSION

Title 18, section 922(g)(3) of the United States Code prohibits a person "who is an unlawful user of or addicted to any controlled substance" from possessing a firearm. "The term 'unlawful user' is not otherwise defined in the statute, but courts generally agree the law runs the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and regular drug use." *United States v.*

*Turnbull*, 349 F.3d 558, 561 (8th Cir. 2003), *cert. granted, judgment vacated,* 543 U.S. 1099 (2005), and *opinion reinstated,* 414 F.3d 942 (8th Cir. 2005). In *Turnbull*, the Eighth Circuit upheld the district court's jury instruction defining unlawful user "by tracking the definition used by the Treasury Department in its firearm regulations," *id.* at 561, and the Eighth Circuit's current model jury instructions are based on that regulation:

> The phrase "unlawful user of a controlled substance" means a person who uses a controlled substance in a manner other than as prescribed by a licensed physician. The defendant must have been actively engaged in use of a controlled substance during the time he possessed the firearm, but the law does not require that he used the controlled substance at the precise time he possessed the firearm. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. An inference that a person was a user of a controlled substance may be drawn from evidence of a pattern of use or possession of a controlled substance that reasonably covered the time the firearm was possessed.

**8th Cir. Model Crim. Jury Instructions, 6.18.922B** (cleaned up). Thus, the Government need not prove that a defendant "was using the controlled substance at the same time he was in possession of the firearm." ***United States v. McIntosh***, 23 F.3d 1454, 1458-59 (8th Cir. 1994) (upholding conviction based on defendant's possession of controlled substance at time of firearm possession, defendant's statements regarding his drug use, and witness testimony regarding defendant's drug use). Stupka argues that even considering the court-imposed standards, the definition of "unlawful user" is unconstitutionally vague, because the frequency of drug use and proximity in time to firearm possession is unclear—she posits it could be days, weeks, or months.

"A criminal statute is unconstitutionally vague in violation of the Fifth Amendment due process clause if it 'fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement.'" ***Turner***, 842 F.3d at 604 (alteration in original) (quoting ***Johnson v. United States***, 135 S. Ct. 2551, 2556 (2015)).

2

In *United States v. Bramer*, the Eighth Circuit recognized that the Supreme Court's 2015 *Johnson* decision "applied a more expansive vagueness analysis than prior case law might have suggested":

> Before *Johnson*, [the Eighth Circuit] required defendants challenging the facial validity of a criminal statute to establish that "'no set of circumstances exist[ed] under which the [statute] would be valid.'" ***United States v. Stephens***, 594 F.3d 1033, 1037 (8th Cir. 2010) (quoting ***United States v. Salerno***, 481 U.S. 739, 745 (1987)). *Johnson*, however, clarified that a vague criminal statute is not constitutional "merely because there is some conduct that falls within the provision's grasp." ***Johnson***, 135 S. Ct. at 2561.

832 F.3d 908, 909 (8th Cir. 2016) (per curiam) (second and third alterations in original) (bold emphasis added). The court reaffirmed the pre-*Johnson* general rule, however, that "'a [defendant] who engages in some conduct that is clearly prohibited cannot complain of the vagueness of the law as applied to the conduct of others." ***Id.*** (quoting ***United States v. Cook***, 782 F.3d 983, 987 (8th Cir. 2015)). In other words, a defendant raising a facial vagueness challenge must "show that the statute is vague as applied to his particular conduct." ***Id.***

Stupka has made no such showing here. Instead, she suggests that this court should disregard the Eighth Circuit's holding in *Bramer*, arguing that it is inconsistent with the Supreme Court's decision in *Johnson*. But *Bramer* is binding precedent that cannot be ignored by this court. *Cf.* ***United States v. Williams***, 537 F.3d 969, 975 (8th Cir. 2008) (noting that one panel of the Eighth Circuit can overrule another only "when the earlier panel decision is cast into doubt by [an *intervening*] decision of the Supreme Court" (emphasis omitted) (quoting ***Patterson v. Tenet Healthcare, Inc.***, 113 F.3d 832, 838 (8th Cir. 1997))). Indeed, the Eighth Circuit in *Bramer* rejected the precise argument Stupka raises here—"that § 922(g)(3) is facially unconstitutional[] because the term[] 'unlawful user' of a controlled substance . . . [is] vague"—because defendant did "not argue, and ha[d] not shown, that [the] term [wa]s vague as applied to his particular conduct of possessing firearms while regularly using marijuana." 832 F.3d at 909-10 (footnote

3

omitted). Other courts to address facial challenges to § 922(g)(3) post-*Johnson* have similarly rejected them. *See United States v. Cook*, 914 F.3d 545, 549-55 (7th Cir. 2019), *cert. granted, judgment vacated,* No. 18-9707, 2019 WL 4921160 (U.S. Oct. 7, 2019) (remanding for reconsideration in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2195, 2200 (2019), which held that "in prosecutions under [18 U.S.C.] § 922(g) and § 924(a)(2), the Government must prove that a defendant knows of his status as a person barred from possessing a firearm"); *United States v. Moss*, No. 18-CR-316 (JCH), 2019 WL 3215960, at *1-4 (D. Conn. July 17, 2019); *United States v. Hasson,* No. GJH-19-96, 2019 WL 4573424, at *7 (D. Md. Sept. 20, 2019); *United States v. Kimbrough*, 319 F. Supp. 3d 912, 914-15 (M.D. Tenn. 2018); *United States v. Bell*, No. 16-40080-01-DDC, 2017 WL 1479376, at *4-5 (D. Kan. Apr. 25, 2017); *United States v. Holmes*, No. 15-CR-129, 2016 WL 54918, at *1-3 (E.D. Wis. Jan. 5, 2016); *United States v. Phommaseng*, No. 15-20006-JAR, 2015 WL 5937595, at *15 (D. Kan. Oct. 12, 2015). These courts have all distinguished *Johnson* and held that a defendant cannot raise a facial vagueness challenge based on the definition of "unlawful user" in § 922(g)(3). *Id*.

I recommend that the district court adopt the reasoning of other courts to address the issue, as well as the Eighth Circuit, and reject Stupka's argument that she can raise a vagueness challenge to § 922(g)(3) without demonstrating that the statute is vague as applied to her particular conduct. Accordingly, I recommend that the district court **deny** that portion of Stupka's motion to dismiss seeking to raise a vagueness challenge to § 922(g)(3) on its face.

## II. CONCLUSION

I respectfully recommend that the district court **deny** that portion of Stupka's motion to dismiss raising a facial vagueness challenge and **defer ruling** until trial on that portion of Stupka's motion to dismiss seeking to raise an as-applied vagueness challenge (Doc. 40).

4

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. **LCrR 59**. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* **Fed. R. Crim. P. 59**. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

DATED this 10th day of October, 2019.

*Kelly K.E. Mahoney*
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa