# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. 19-CR-3024-LTS-KEM |
| vs. | **ORDER ON REPORT AND RECOMMENDATION** |
| JAMI LYNN STUPKA, | |
| Defendant. | |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) (Doc. No. 68) in which Chief United States Magistrate Judge Kelly K.E. Mahoney recommends that I deny in part, and defer ruling in part, defendant Jami Stupka's motion (Doc. No. 40) to dismiss Count 3 of the indictment. Neither party has filed written objections to the R&R. Any objections are now deemed waived. *See* LR 72A; *see also* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2).

## II. STANDARD OF REVIEW

When a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*

*City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985). Here, because no objections have been filed, I will apply the "clearly erroneous" standard of review to all portions of the R&R.

### III. DISCUSSION

On May 23, 2019, a Grand Jury returned an indictment (Doc. No. 1) that charged Stupka and others with conspiracy to possess a stolen firearm (Count 1), possession of a stolen firearm (Count 2) and possession of a firearm by a prohibited person (Count 3). Stupka contends that Count 3 should be dismissed because the statute on which the charge is based, 18 U.S.C. § 922(g)(3), is unconstitutionally vague on its face and as applied to her.

#### A. *Judge Mahoney's Analysis*

Judge Mahoney recommends that I defer ruling on Stupka's argument that 18 U.S.C. § 922(g)(3) is unconstitutionally vague as applied. Doc. No. 68 at 1. She notes that case-law mandates, that "any as-applied challenge should not be ruled upon without a full trial on the merits." *Id.* (citing *United States v. Turner*, 842 F.3d 602, 606 (8th Cir. 2016)).

Regarding Stupka's facial challenge, Judge Mahoney cites *United States v. Bramer*, 832 F.3d 908 (8th Cir. 2016), in recommending that the motion be denied. Doc. No. 68 at 3–4. In *Bramer*, the Eighth Circuit rejected the defendant's argument that 18 U.S.C. § 922(g)(3) is unconstitutional on its face because the defendant had not shown

that any terms were vague "as applied to his particular conduct." *Id.* at 909–10. The court further explained that "[t]hough [the defendant] need not prove that § 922(g)(3) is vague in all its applications, [the] case law still require[d] him to show that the statute is vague as applied to his particular conduct." *Id.* at 909. Judge Mahoney found that "Stupka has made no such showing here," and thus the facial challenge must be denied because *"Bramer* is binding precedent that cannot be ignored by this court." Doc. No. 68 at 3.

B.   *Void-for-Vagueness Challenges*

The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." One "essential" feature of the Fifth Amendment's due process guarantee is "[t]he prohibition of vagueness in criminal statutes." *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212 (2018). A law is unconstitutionally vague if it (1) "fails to provide a person of ordinary intelligence fair notice of what is prohibited," or (2) "is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008); *see also Kolender v. Lawson*, 461 U.S. 352, 357 (1983) ("[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."). A law is unconstitutionally vague due to a lack of fair notice when the law fails to give a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972). A law is unconstitutionally vague due to arbitrary enforcement concerns if it leaves judges, jurors or law enforcement "free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." *See Beckles v. United States*, 137 S. Ct. 886, 894 (2017) (quoting *Giaccio v. Pennsylvania*, 382 U.S. 399, 402–03 (1966)).

There are two types of challenges under the void-for-vagueness doctrine. First, a defendant may argue that a law is unconstitutionally vague on its face. This means that a law is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." *See Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971). At times, the Supreme Court has required a defendant making a facial vagueness challenge to "demonstrate that the law is impermissibly vague in all of its applications." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982). More recently, however, the Supreme Court has clarified that a law may still be unconstitutionally vague on its face even if "there is some conduct that clearly falls within the provision's grasp." *Johnson v. United States*, 135 S. Ct. 2551, 2561 (2015).

The second type of challenge under the void-for-vagueness doctrine is an as-applied challenge. *See F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 258 (2012) (holding that regulation forbidding fleeting expletives and nudity in broadcasts was unconstitutionally vague as applied to multiple broadcast companies). In an as-applied challenge, the court may "leav[e] aside any concerns about facial invalidity," and asks only whether the law in question is impermissibly vague as to the conduct of the specific challenger. *See id.* at 254. In other words, courts ask (1) whether the law is sufficiently clear and definite to give notice to the specific defendant that his or her actions were prohibited and (2) whether vagueness in the law resulted in it being applied arbitrarily to the defendant. *See id.*

### 1. *Stupka's As-Applied Vagueness Challenge*

I need not dwell long on Stupka's as-applied challenge. As Judge Mahoney pointed out, the Eighth Circuit has held that a district court must wait until the facts of a case are fully developed at trial before ruling on an as-applied vagueness challenge. *See Turner*, 842 F.3d at 605 (holding that "the district court could not rule on [the defendant's] as applied constitutional challenge without resolving factual issues related to

his alleged offense, such as the extent of his drug use, and therefore the court should have deferred ruling until trial"). Therefore, I will defer ruling on Stupka's as-applied challenge until her trial.

### 2. *Stupka's Facial Vagueness Challenge*

Stupka's facial void-for-vagueness challenge is a more difficult issue. Judge Mahoney correctly looked to *Bramer*, as it is an Eighth Circuit case that speaks to the facial validity of 18 U.S.C. § 922(g)(3) in a vagueness challenge. *Bramer*, 832 F.3d at 909–10. However, because this case is procedurally and factually distinguishable from *Bramer*, I must consider the extent to which *Bramer* is binding authority.

In *Bramer*, the Eighth Circuit held that the defendant could not raise a facial challenge to 18 U.S.C. § 922(g)(3) because the defendant could not show that it was unconstitutionally vague as applied to him. *Id.* at 909–10. The defendant failed an as-applied challenge because his conduct was "clearly prohibited" under the statute and he had waived all challenges except for a facial challenge in his appeal waiver. *Id.* at 909 & n.2. What made the defendant's conduct "clearly prohibited," however, was that he had pled guilty to "knowingly posses[sing] firearms . . . while being an unlawful user of marijuana." *Id.* Other circuits have rejected facial challenges to § 922(g)(3) in similar situations. *See, e.g.*, *United States v. Bennett*, 329 F.3d 769, 777 (10th Cir. 2003) (defendant could not succeed in an as applied challenge to § 922(g)(3) because he had admitted that he used methamphetamine "on a daily basis until his arrest"); *United States v. Edwards*, 182 F.3d 333, 335–36 (5th Cir. 1999) (defendant could not succeed in an as applied challenge to § 922(g)(3) because he had admitted to using drugs and the evidence at trial showed use of drugs and possession of gun contemporaneously).

Unlike the defendants in *Bramer*, *Bennet* and *Edwards*, Stupka has not pleaded guilty or otherwise admitted that she was an unlawful user of a controlled substance during the time the firearm was in her possession. Additionally, because ruling on Stupka's as-applied challenge is not appropriate until trial, I cannot find at this time that

the evidence in the record shows that her as-applied challenge has failed. Thus, I find that *Bramer* is not dispositive at this stage of the proceedings, at least as to whether Stupka has met the burden of showing an as-applied challenge in order to raise a facial challenge. However, this finding does not resolve the issue of whether a facial challenge is appropriate in this case or, if it is appropriate, whether the facial challenge should be ruled on at this time. To answer these questions, I again begin with *Bramer*.

In reaching its conclusion in *Bramer* that no facial challenge could be brought when an as-applied challenge had failed, the Eighth Circuit relied on the general rule in void-for-vagueness case law that "a [defendant] who engages in some conduct that is clearly prohibited cannot complain of the vagueness of the law as applied to the conduct of others." *Bramer*, 832 F.3d at 909–10 (internal quotation marks omitted) (quoting *United States v. Cook*, 782 F.3d 983, 987 (8th Cir. 2015)); *see also Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010); *Hoffman Estates*, 455 U.S. at 495 ("A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."). This general rule resulted in Supreme Court decisions holding that a facial void-for-vagueness challenge can succeed only if the defendant shows that the law was "impermissibly vague in all of its applications." *Hoffman Estates*, 455 U.S. at 494–95. Thus, if a defendant could not show that the law was vague in his or her situation, it would be impossible to show it was vague in all scenarios. *See id*.

Although this rule is well-recognized and generally accepted among federal courts, it is not free from confusion. First, despite case law indicating that a law is facially void for vagueness only if it is vague in all its applications, the Supreme Court has recently stated that its "holdings squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Johnson*, 135 S. Ct. at 2560–61. There are also logical inconsistencies and gaps in the rules applied in *Bramer*. If a defendant is able to show that a law is unconstitutionally vague as applied—as required by *Bramer*—there would be

6

no need for that defendant to show, or a court to decide, that the law is unconstitutional on its face. But if a defendant could not show that the law is unconstitutional as applied, then he or she would always be prohibited from challenging a law as being void for vagueness on its face.

Under these two scenarios, it would seem that no defendant can claim that a criminal statute is unconstitutionally vague on its face. *See United States v. Ghane*, 673 F.3d 771, 777 (8th Cir. 2012) (stating that "[v]agueness challenges . . . that 'do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand'" (quoting *United States v. Washam*, 312 F.3d 926, 929 (8th Cir. 2002)). Yet the Supreme Court has found several criminal statutes facially void for vagueness without expressly addressing whether they were void as applied. *See, e.g.*, *Dimaya*, 138 S. Ct. at 1223 (residual clause in the Immigration and Nationality Act was void for vagueness); *Johnson*, 135 S. Ct. at 2557 (2015) (sentence enhancement under a residual clause in the Armed Career Criminal Act (ACCA) was void for vagueness); *City of Chicago v. Morales*, 527 U.S. 41, 64 (1999) (ordinance making it illegal for gang members to loiter and giving police the authority to disperse groups who loiter and arrest those who resist was unconstitutionally vague even though some of the defendant's conduct clearly fell within the statute's scope); *Kolender*, 461 U.S. at 358–61 (finding a "stop-and-identify" law facially invalid "because it encourage[d] arbitrary enforcement by failing to describe with sufficient particularity what a suspect must do in order to satisfy the statute").

What distinguishes the cases in which a facial challenge is appropriate without regard to an as-applied challenge from those cases in which a defendant may make only an as-applied challenge? If there is a discernible and articulable distinction, on which side does this case fall? If Stupka's facial challenge is appropriate without regard to an as-applied challenge, then *Bramer* is not controlling and the facial challenge should be addressed now. If Stupka must show that the law is unconstitutional as applied, then *Bramer* controls and any facial review must await the results of the pending as-applied challenge.

### a. *When is a Facial Void-for-Vagueness Challenge Allowed?*

The case law on this issue is limited and unclear. Some courts have attempted to provide an explanation as to when a facial challenge is appropriate without regard to an as-applied challenge, but there is no definitive or binding authority on the issue. *See, e.g.*, *Copeland v. Vance*, 893 F.3d 101, 111 n.2 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 2714 (2019) (noting that no as-applied challenge was required in some "vagueness cases involving the First Amendment or fundamental rights" or for some criminal statutes that contain "certain exceptional circumstances"). While the exact parameters under which a defendant may attack a statute as facially void for vagueness are not entirely clear, my review of the case law reveals two scenarios where a direct facial challenge should be given special consideration.

First, as the Second Circuit noted in *Copeland*, a facial challenge should be given special consideration when an allegedly-vague statute impacts a fundamental right. The Supreme Court has generally permitted defendants to raise facial void-for-vagueness challenges in this scenario, particularly when First Amendment rights are threatened. *See Hoffman Estates*, 455 U.S. at 499 ("[P]erhaps the most important factor affecting the clarity that the Constitution demands of a law is whether it threatens to inhibit the exercise of constitutionally protected rights."); *Williams*, 553 U.S. at 304 ("Although ordinarily '[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others,' we have relaxed that requirement in the First Amendment context . . . ." (alteration in original)). For example, in *Morales* a plurality of the Court found that a facial attack on a law was permissible because the law contained no mens rea requirement, infringed on a constitutionally protected right and was permeated with vagueness. *Morales*, 527 U.S. at 55. In *Kolender*, the Court found that a facial attack was permissible, in part, because of potential risks to First Amendment rights and the right to freedom of movement. *Kolender*, 461 U.S. at 358. In *Coates*, the Court found that a law prohibiting three or

more people from meeting on a sidewalk or corner and acting in an annoying way was "unconstitutionally vague because it subjects the exercise of the right of assembly to an unasertainable standard." *Coates*, 402 U.S. at 614. Accordingly, when a law impacts constitutional rights, and vagueness in that law creates a risk of unduly infringing those rights, a facial challenge is generally permissible.

A second situation in which a facial void-for-vagueness challenge should be given special consideration is when there is a high risk that a law is unconstitutionally vague under the second prong of the void-for-vagueness test – the law is so indefinite or standardless that it allows or encourages arbitrary or discriminatory enforcement. The Supreme Court is particularly sensitive to laws that are vague due to the lack of guiding standards or the potential for arbitrary enforcement. The Court has explained that "[a]lthough the [void-for-vagueness] doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized . . . that the more important aspect of vagueness doctrine 'is not actual notice, but the other principal element of the doctrine— the requirement that a legislature establish minimal guidelines to govern law enforcement.'" *Kolender*, 461 U.S. at 357–58 (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)). The Court's sensitivity to cases dealing with the arbitrary enforcement prong arises, at least in part, because the notice prong of the test is not particularly revealing in some circumstances. This is because an individual's "behavior[,] as a general rule[,] is not mapped out in advance on the basis of statutory language." *See Smith*, 415 U.S. at 574.

In contrast, the potential for arbitrary enforcement always presents a clear threat to the liberty of society because standardless statutory language "allows policemen, prosecutors, and juries to pursue their personal predilections" and "entrust[s] lawmaking to the moment-to-moment judgment" of those groups instead of legislators elected by the people. *See id.* Thus, even in a case in which it was clear that a law provided notice to the public, the Court struck down a law that "contain[ed] no standards at all, nor . . . place[d] any conditions of any kind upon the jury's power" to apply a statute. *See*

9

*Giaccio*, 382 U.S. at 403 (striking down a law that allowed juries to transfer the prosecution's costs to the defendant because the law gave "jur[ies] such broad and unlimited power in imposing costs on acquitted defendants that the jurors must make determinations of the crucial issue upon their own notions of what the law should be instead of what it is").

Other cases help flesh out the type of scenario in which the Supreme Court has disregarded its preference for as-applied challenges and permitted a direct facial void-for-vagueness review due to concerns about arbitrary enforcement. In *Kolender*, the Supreme Court held that a stop-and-identify statute was unconstitutionally vague on its face because "it encourage[d] arbitrary enforcement." *Kolender*, 461 U.S. at 361. The statute in *Kolender* required an individual stopped by police to provide "credible and reliable" identification that carried "a 'reasonable assurance'" of authenticity. *Id.* at 359. While these terms are not entirely clear on their face, the Court did not seem concerned that the terms themselves were vague. *See id.* at 357–62. The Court explained that the statute "contain[ed] no standard for determining what a suspect has to do in order to satisfy the" statute's requirements not because of vague language, but because the statute "vest[ed] virtually complete discretion in the hands of the police to determine whether the suspect . . . satisfied the statute." *Id.* at 358. In other words, the vague and standardless discretion the law granted police officers allowed an uncertain and potentially arbitrary process of enforcement and, consequently, did not provide adequate notice to the public regarding how to fulfill the statute's demands. *See id.* at 361.

The Supreme Court's opinion in *Johnson* also supports the proposition that cases presenting substantial concerns about arbitrary enforcement and procedure warrant a facial void-for-vagueness review. In *Johnson*, the ACCA permitted a sentence enhancement if the violator had three or more convictions for serious drug offenses or violent felonies. *Johnson*, 135 S. Ct. at 2555. Under its residual clause, the definition for violent felonies included any crime that "involve[d] conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555–56. The Court held that the

10

residual clause was void for vagueness because it "both denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." *Id.* at 2557. However, like in *Kolender*, the Court's analysis focused more vagueness in the procedure and process of how the residual clause was defined and applied than on any apparent vagueness in the language of the residual clause.

The Court explained that the procedure through which judges asked whether an unenumerated crime fell into the statute's residual clause, the "categorical approach," invited too much arbitrariness into the process of determining if the enhancement provision applied. *Id.* at 2557–58. The categorical approach asked judges to determine what an "ordinary case" of an underlying offense looked like and then inquire whether that ordinary case "involved conduct that presents a serious potential risk of physical injury." *Id.* The fact that the categorical approach "tie[d] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime," instead of "real-world facts or statutory elements," caused great uncertainty about which prior crimes would count towards the sentence enhancement under the residual clause. *Id.* The fact that courts then had to ask whether the imagined crime posed a serious risk of injury to another, without any guidance from the statute regarding the meaning of serious risk, only further compounded the uncertainty of the residual clause's meaning and scope. *Id.* at 2558. The Court explained that "[b]ecause 'the elements necessary to determine the imaginary ideal are uncertain both in nature and degree of effect,' this abstract inquiry offers significantly less predictability than one '[t]hat deals with the actual, not with an imaginary condition other than the facts.'" *Id.* at 2561 (quoting *Int'l Harvester Co. of Am. v. Kentucky*, 234 U.S. 216, 223 (1914)). These issues had not only left the Supreme Court struggling "to craft a principled and objective standard out of the residual clause," but also caused numerous splits among lower federal courts that were unable to provide consistent rulings. *Id.* at 2558–59.

An important inference from *Johnson* is that the residual clause was not ruled unconstitutionally vague simply because its language was vague and failed to provide

adequate notice to the public. As in *Kolender*, the primary source of the problem was procedural. That is, the process by which the residual clause was applied included too much uncertainty, discretion and risk of arbitrary enforcement, which in turn resulted in insufficient notice for citizens. *See id.* at 2560. The Court stated:

> The most telling feature of the lower courts' [inconsistent] decisions is not division about whether the residual clause covers this or that crime (even clear laws produce close cases); it is, rather, pervasive disagreement *about the nature of the inquiry one is supposed to conduct and the kinds of factors one is supposed to consider*.

*Id.* (emphasis added). In other words, the troubling issue for the Court was that the residual clause, because of the process used to define and apply it, did not permit the federal courts to discern and apply a clear and consistent process when determining whether to apply a sentence enhancement. That deficiency in the residual clause, as written and interpreted, was the source of vagueness that raised concerns of uncertainty and arbitrariness, prevented the public from having sufficient notice of the law's scope and thus rendered the residual clause unconstitutionally vague.

Another reason why a facial void-for-vagueness challenge may be permissible when a law presents concerns of standardless or arbitrary enforcement is because the rule that permits only as-applied challenges bears little relation to the arbitrary enforcement prong. The general rule limiting facial vagueness challenges is that defendants whose conduct is "clearly proscribed" by the terms of the statute cannot raise a facial challenge. *See, e.g.*, *Humanitarian Law Project*, 561 U.S. at 20. This is because one who cannot show that a law is vague in his or her own case cannot show that the law is impermissibly vague in all of its applications. *See Bramer*, 832 F.3d at 909; *see also Hoffman Estates*, 455 U.S. at 494–95. This makes sense with regard to the notice prong, as an individual whose conduct is "clearly proscribed" under the terms of a statute cannot claim that he or she did not have sufficient notice. The Supreme Court has primarily spoken in terms of notice when discussing this rule. *See, e.g.*, *Parker v. Levy*, 417 U.S. 733, 756 (1974) (a person "who has received fair warning" who is not permitted to attack a statute on the

12

grounds that it does not provide fair warning to others, i.e., a facial attack); *United States v. Nat'l Dairy Prod. Corp.*, 372 U.S. 29, 32 (1963) ( "a statute must of necessity be examined in light of the conduct with which a defendant is charged" when the Court is determining "the sufficiency of the notice" provided by a statute).

However, whether conduct is clearly proscribed under the terms of the statute reveals little about whether the statutory language, or the process through which it is applied, has sufficiently clear standards to prevent arbitrary enforcement. *See Giaccio*, 382 U.S. at 403 (striking down law that raising serious concerns about arbitrary and standardless enforcement even though the law likely provided fair notice). While there may be cases in which a defendant's conduct falls squarely within the scope of a statute's language, vagueness that may lead to arbitrary enforcement—i.e., vagueness in the process of how a law is applied—can render a statute unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2560–61 (explaining that a law is not "constitutional merely because there is some conduct that clearly falls within the provision's grasp" in holding that the ACCA's residual clause was void for vagueness on its face due to the unclear, inconsistent and potentially arbitrary process by which judges had to apply it). It is in these types of scenarios that the Supreme Court has generally appeared more open to permitting direct facial void-for-vagueness challenges. In *Johnson*, it was the categorical approach, combined with subjective standards, that created a process that was unconstitutionally vague and did not provide notice. In *Kolender*, it was a process that gave too much discretion to police officers to determine compliance with the statute. In *Giaccio*, it was a process that gave power to juries without providing guiding principles to apply it.

In short, it appears that facial challenges are permissible in some cases regardless of whether the law would be found unconstitutional as applied. First, facial challenges are more likely to be appropriate when a vague law impacts First Amendment or other fundamental rights. Second, facial challenges are more likely to be appropriate when a law is vague because it lacks sufficiently clear guidelines or is vague in a manner – either

13

on its face or as interpreted – that poses a high risk of arbitrary enforcement. This does not necessarily mean that every void-for-vagueness argument that invokes protected fundamental rights or emphasizes arbitrary enforcement concerns warrants a facial review. However, the case law indicates that special consideration should be given to facial challenges under these circumstances, regardless of whether the defendant could prevail on an as-applied challenge.

### b. *Is a Facial Challenge Appropriate in this Case?*

Having concluded that there are instances in which a facial void-for-vagueness challenge is permissible without regard to an as-applied challenge, I now find that this case is not one of those instances. This case does not involve the type of fundamental constitutional rights that typically lead to a facial vagueness review. The statute in this case makes it illegal for "an unlawful user of . . . any controlled substance" to possess a firearm. 18 U.S.C. § 922(g)(3). Although possession of a firearm is addressed in the Constitution, possession of firearms by certain parties, such as felons, has been found to be outside the Constitution's protections. *See McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010). Thus, there is no reason to believe that a facial review is warranted due to § 922(g)(3)'s potential infringement on a fundamental right.

I also find that the statute at issue does not pose the type of arbitrary enforcement concerns that may warrant a facial review. Stupka has not presented any arguments that the statute raises particular arbitrary enforcement concerns. She instead argues that the statute's terms, such as "unlawful" and "user," are vague because they are open-ended and imprecise. *See* Doc. No. 40 at 3–9. This is the exact type of an attack on language, rather than an attack on process, that *Bramer* addressed. *See Bramer*, 832 F.3d at 909–10 ("Though it is plausible that the terms 'unlawful user' of a controlled substance and 'addicted to' a controlled substance could be unconstitutionally vague under some circumstances, Bramer does not argue, and has not shown, that either term is vague as

14

applied to his particular conduct of possessing firearms while regularly using marijuana.").

It is important to remember that "[w]hat renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *Williams*, 553 U.S. at 306. When a statutory term is the primary source of vagueness, the remedy is typically a limiting construction, not a finding of facial invalidity. *See United States v. Raines*, 362 U.S. 17, 22 (1960) ("The delicate power of pronouncing an Act of Congress unconstitutional is not to be exercised with reference to hypothetical cases thus imagined. . . . [A] limiting construction could be given to the statute by the court responsible for its construction if an application of doubtful constitutionality were in fact concretely presented."); *see also Beckles*, 137 S. Ct. at 897–98 & n.\* (Ginsburg, J., concurring) (noting that the "Court has routinely rejected, in a variety of contexts, vagueness claims where a clarifying construction rendered an otherwise enigmatic provision clear as applied to the challenger" (citing *Bell v. Cone*, 543 U.S. 447, 453, 457–58 (2005) (per curiam); *Hoffman Estates*, 455 U.S. at 500–02, n.18; and *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 395 (1969))).

In evaluating 18 U.S.C. § 922(g)(3), courts have generally remedied vagueness concerns in its language through clarifying or limiting constructions. *See United States v. Turnbull*, 349 F.3d 558, 561 (8th Cir. 2003), *cert. granted, judgment vacated*, 543 U.S. 1099 (2005), *opinion reinstated*, 414 F.3d 942 (8th Cir. 2005) ("The term 'unlawful user' is not otherwise defined in the statute, but courts generally agree the law runs the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and regular drug use."); *see also, e.g.*, *United States v. Jackson*, 280 F.3d 403, 406 (4th Cir. 2002). Although close cases may still exist even with a clarifying construction, any remaining concerns are "addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt." *Williams*, 553 U.S. at 305–06. "[S]tatutes are not automatically invalidated as vague

15

simply because difficulty is found in determining whether certain marginal offenses fall within their language." *Nat'l Dairy Prod. Corp.*, 372 U.S. at 32.

For these reasons, I find that the rule in *Bramer* applies here despite the factual and procedural differences identified above. Stupka cannot present a facial challenge to § 922(g)(3) unless she shows that the statute is unconstitutionally vague as applied to her. *See Bramer*, 832 F.3d at 909–10. Of course, if she prevails on her as-applied challenge, then the facial challenge will be unnecessary. As such, I agree with Judge Mahoney that Stupka's motion to dismiss on grounds that the statute is unconstitutionally vague on its face must be denied.

## IV. CONCLUSION

For the reasons set forth herein:

1. I hereby **accept** the Report and Recommendation (Doc. No. 68), **without modification**.

2. In accordance with the Report and Recommendation, that portion of Stupka's motion to dismiss (Doc. No. 40) raising a facial vagueness challenge to § 922(g)(3) is **denied**. As to that portion of Stupka's motion to dismiss raising an as-applied vagueness challenge to § 922(g)(3), ruling is **hereby deferred** until trial.

**IT IS SO ORDERED.**

**DATED** this 13th day of November, 2019.

_____
Leonard T. Strand, Chief Judge